UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PARIS R. PATMON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-22-HAB-SLC |
| DAVID GLADIEUX, et al., | |
| Defendants. | |

OPINION AND ORDER

Paris R. Patmon, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Patmon alleges that, while housed at the Allen County jail, he has been prohibited from receiving unlimited access to the pre-trial discovery materials in a pending criminal case. He is permitted to access his discovery a few hours a week, two hours at a time. He asserts that this limitation has made it impossible for him to assist his criminal defense attorney in formulating his defense. Patmon wants greater access to his discovery and the ability to review it while simultaneously accessing legal

resources. He believes the restrictions violate his right to access the courts, the Due Process clause, and his right to equal and fair representation. He also believes it constitutes cruel and unusual punishment. He has sued Allen County Sheriff David Gladieux, Allen County Prosecutor Karen Richards, and unknown policy makers.

As an initial matter, Patmon cannot proceed against Allen County Prosecutor Karen Richards, because she is immune from suit. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.").

Patmon also cannot proceed against unknown policy makers. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

Patmon likewise cannot proceed against Allen County Sheriff David Gladieux. Patmon concedes he has been granted access to both the discovery in his criminal case and law library resources. He simply does not have the unfettered access he desires. Because Patmon is represented by counsel in his criminal case, he has no right to access the law library in connection with that case. A pre-trial detainee who is without counsel needs the tools necessary to prepare his defense, but jail officials are not required to provide legal materials to an inmate who "was represented by counsel on his criminal charges." *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988). As for his access to discovery, even if Sheriff Gladieux had refused to provide Patmon with discovery (and he didn't), that refusal would not amount to a constitutional violation. *United States v.*

2

*Cruz-Velasco*, 224 F.3d 654, 665 (7th Cir. 2000) ("It is well-established, however, that there is no constitutional right to discovery in non-capital criminal cases[.]"). The limitations on when and how Patmon examines his discovery have not impinged upon Patmon's constitutional rights, and he may not proceed against Sheriff Gladieux on these claims. If Patmon believes he needs greater access to his criminal discovery, that is a matter to be addressed in his pending criminal case.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on February 15, 2022.

        s/ Holly A. Brady
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT